UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Detiko B. Cox and other similarly
situated individuals,

    Plaintiff(s),

v.

Bluetriton Brands, Inc.
a/k/a ReadyFresh

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Detiko B. Cox, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Bluetriton Brands, Inc., a/k/a ReadyFresh, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Detiko B. Cox is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Bluetriton Brands, Inc., a/k/a ReadyFresh (from now on ReadyFresh, or Defendant) is a Foreign Corporation, registered to do business in Florida. Defendant has facilities in Broward County. Defendant ReadyFresh was and is engaged in interstate commerce in the

meaning of the Fair Labor Standards Act. Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Broward County, Florida, within this Court's jurisdiction.

General Allegations

5. This cause of action is brought by Plaintiff Detiko B. Cox as a collective action to recover from Defendant overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2020, (the "material time") without being adequately compensated.

6. Defendant ReadyFresh is a distributor of bottled water, soft beverages, coffee, tea, water dispensers, and related supplies. Defendant's facilities are located at 11740 Miramar Parkway, Miramar, FL 33025, where Plaintiff worked.

7. Defendant ReadyFresh employed Plaintiff Detiko B. Cox as a non-exempted, full-time employee from approximately December 07, 2020, to Abril 26, 2022, or 72 weeks.

8. Plaintiff has duties as a water delivery driver, and he was paid a salary of $52,000.00 annually, or $1,000.00 weekly.

9. While employed by Defendant, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday, from 6:30 to 5:00 PM (10.5 hours daily). Sometimes Plaintiff stayed working up to 12 hours daily. Every week Plaintiff worked a minimum of 52.5 hours. Plaintiff was unable to take bonafide lunch breaks.

10. Plaintiff was paid by direct deposit and always the same amount, regardless of the hours worked during the week.

11. Plaintiff always worked more than 40 hours, but he did not receive compensation for overtime hours, as required by law.

12. Plaintiff clock did not clock in and out, but Defendant was always in complete control of Plaintiff's schedule and activities. Defendant's management knew about the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

14. Plaintiff was paid by direct deposits, and at this moment he does not have access to his paystubs to provide detailed information about time and payment records.

15. Plaintiff did not agree with the lack of payment for overtime hours, and he complained many times to his superiors.

16. On or about April 01, 2022 Plaintiff complained about missing payment for overtime hours. Plaintiff complained to Manager Carmen Manstat, Plaintiff was refusing to work 12 hours daily without overtime payment. Plaintiff also complained to Manager John Paul, and Manager Mark LNU about the same issues. After Plaintiff's complaints, he was suspended with pay for two weeks.

17. On or about April 26, 2022, using pretextual reasons, Plaintiff was fired by Manager Carmen Manstat.

18. Plaintiff DETIKO B. COX seeks to recover unpaid half-time overtime wages for every hour worked over 40 during his entire employment, liquidated damages, retaliatory damages, and any other relief as allowable by law.

Collective Action Allegations

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

21. This action is intended to include every warehouse, delivery driver, storage employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

22. Plaintiff Detiko B. Cox re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. This action is brought by Plaintiff Detiko B. Cox and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. The Employer, Defendant ReadyFresh, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a distributor of bottled water, soft beverages, coffee, tea, water dispensers, and related supplies. Defendant also had more than two employees that regularly and recurrently sold, handled, and worked on goods and materials that were moved previously or would be moving through interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

25. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

26. Defendant ReadyFresh employed Plaintiff Detiko B. Cox as a non-exempted, full-time employee from approximately December 07, 2020, to Abril 26, 2022, or 72 weeks.

27. Plaintiff has duties as a water delivery driver, and he was paid a salary of $52,000.00 annually, or $1,000.00 weekly.

28. While employed by Defendant, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday, a minimum of 52.5 hours. Plaintiff was unable to take bonafide lunch breaks.

29. Plaintiff was paid by direct deposit and always the same amount, regardless of the hours worked during the week.

30. Plaintiff always worked more than 40 hours, but he did not receive compensation for overtime hours, as required by law.

31. Plaintiff clock did not clock in and out, but Defendant was always in complete control of Plaintiff's schedule and activities. Defendant's management knew about the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

33. Plaintiff was paid by direct deposits. At this moment, Plaintiff does not have access to his paystubs, and he can not provide detailed information about his time and payment records.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

36. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

   Eight Thousand Five Hundred Seventy-Seven Dollars and 36/100 ($8,577.36)

b. <u>Calculation of such wages</u>:

    Total period of employment: 72 weeks
    Relevant weeks of employment: 72 weeks
               Total hours worked: 52.5 hours weekly
    Total unpaid O/T hours: 12.5 overtime hours
    Salary: $1,000.00 weekly: 52.5 hours= $19.05
    Regular rate: $19.05 an hour x 1.5=$28.58 O/T rate-$19.05 O/T rate paid=$9.53
    Half-time= $9.53

    Half-time $9.53 x 12.5 O/T hours=$119.13 weekly x 72 weeks=$8,577.36

c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.

37. At all times material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay him at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

39. Defendant ReadyFresh willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Detiko B. Cox and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Detiko B. Cox and other similarly situated individuals and against the Defendant ReadyFresh, based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Detiko B. Cox actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Detiko B. Cox demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATION**

41. Plaintiff Detiko B. Cox re-adopts every factual allegation stated in paragraphs 1-21 of this Complaint as if set out in full herein.

42. The Employer, Defendant ReadyFresh, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is a distributor of bottled water, soft beverages, coffee, tea, water dispensers, and related supplies. Defendant

also had more than two employees that regularly and recurrently sold, handled, and worked on goods and materials that were moved previously or would be moving through interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

43. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

44. Defendant ReadyFresh employed Plaintiff Detiko B. Cox as a non-exempted, full-time employee from approximately December 07, 2020, to Abril 26, 2022, or 72 weeks.

45. Plaintiff has duties as a water delivery driver, and he was paid a salary of $52,000.00 annually, or $1,000.00 weekly.

46. While employed by Defendant, Plaintiff had a regular schedule. Plaintiff worked from Monday to Friday, a minimum of 52.5 hours. Plaintiff was unable to take bonafide lunch breaks.

47. Plaintiff was paid by direct deposit and always the same amount, regardless of the hours worked during the week.

48. Plaintiff always worked more than 40 hours, but he did not receive compensation for overtime hours, as required by law.

49. Plaintiff clock did not clock in and out, but Defendant was always in complete control of Plaintiff's schedule and activities. Defendant's management knew about the hours worked by Plaintiff and other similarly situated individuals.

50. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

51. Plaintiff did not agree with the lack of payment for overtime hours, and he complained many times to his superiors.

52. On or about April 01, 2022 Plaintiff complained about missing payment for overtime hours. Plaintiff complained to Manager Carmen Manstat, Plaintiff was refusing to work 12 hours daily without overtime payment. Plaintiff also complained to Manager John Paul, and Manager Mark LNU about the same issues. After Plaintiff's complaints, he was suspended with pay for two weeks.

53. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

54. However, on or about April 26, 2022, after Plaintiff complained one more time, Manager Carmen Manstat fired Plaintiff using pretextual reasons.

55. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

56. The termination of Plaintiff Detiko B. Coxby Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

57. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

58. Defendant ReadyFresh willfully and maliciously retaliated against Plaintiff Detiko B. Coxby engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

59. The motivating factor which caused Plaintiff to be fired from the business, as described above, was his complaints seeking his overtime wages from Defendant.

60. Defendant's adverse actions against Plaintiff Detiko B. Cox were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

Wherefore, PlaintiffDetiko B. Cox respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant ReadyFresh that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant ReadyFresh to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Detiko B. Cox further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff Detiko B. Coxdemands a trial by a jury of all issues triable as of right by a jury.

Dated: July 12, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*